UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUSSELL L. PERILLO,
    Plaintiff,

v.

BRIAN K. MURPHY, et al.,
    Defendants.

CASE NO. 3:10-cv-263 (VLB)

July 20, 2011

## RULING DENYING PLAINTIFF'S [26] MOTION FOR RECONSIDERATION ON [24] AND [27] MOTION FOR EXTENSION OF TIME

On June 17, 2011, the court denied the plaintiff's motion for appointment of counsel because he failed to show that he had made any attempts to obtain counsel on his own. The plaintiff has filed a motion for reconsideration in which he describes his efforts to obtain legal assistance.

To prevail on a motion for reconsideration, the plaintiff must show that the court has overlooked controlling decisions or facts that, had they been considered, might reasonably have altered the result. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). In his motion, the plaintiff presents new information for the court's consideration. Because this information was not available to the court when it reviewed the motion for appointment of counsel, it is not the proper subject of a motion for reconsideration. The court, therefore, will consider the motion as a second motion for appointment of counsel.

When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996

(1991). In Cooper v. Sargenti, 877 F. 2d 170 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Id. at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Here, the plaintiff has provided a letter from an attorney at Inmates' Legal Assistance Program suggesting that the plaintiff's claims lack merit. In addition, the current record consists only of the complaint and answer. At this time, the court cannot conclude that the complaint passes the test of likely merit. Accordingly, the plaintiff's motion [Doc. #26] is DENIED without prejudice. The plaintiff may file another motion for appointment at a later stage of litigation.

In addition, the plaintiff seeks an extension of time to respond to the answer. No response is required under the Federal Rules of Civil Procedure unless ordered by the court. See Fed. R. Civ. P. 7(a)(7). The court has not ordered the plaintiff to respond to the answer. Accordingly, the motion for extension of time [Doc. #27] is DENIED.

                                    IT IS SO ORDERED.

                                    /s/
                                Vanessa L. Bryant
                                United States District Judge

Dated at Hartford, Connecticut this 20th day of July 2011.